**In re CRANBERRY HILL ASSOCIATES LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. 92–17173–CJK.**

United States Bankruptcy Court, D. Massachusetts.

Feb. 12, 1993.

Michael J. Pappone, Boston, MA, for Prudential.

Daniel C. Cohn, Boston, MA, for debtor.

Mark Berman, Boston, MA, for committee of unsecured creditors.

MEMORANDUM OF DECISION ON OBJECTION OF PRUDENTIAL INSURANCE COMPANY OF AMERICA TO CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

CAROL J. KENNER, Bankruptcy Judge.

The Prudential Insurance Company of America ("Prudential") has objected to confirmation of the Debtor's Second Amended Plan of Reorganization. Prudential has a claim against the Debtor of at least $11,-561,659,[1] which is secured by a first priority mortgage on the Debtor's principal asset, an office building ("the property") located at One Cranberry Hill, Lexington, Massachusetts. According to the Debtor, the value of the property is $8,940,000; and, because the property is subject to a tax lien in the amount of $140,000, the value of Prudential's secured claim is $8,800,000,[2] leaving Prudential with an unsecured deficiency claim of at least $2,761,659. Prudential objects to confirmation of the plan on numerous grounds, including two having to do with the plan's classification and treatment of Prudential's deficiency claim.

The Debtor's plan of reorganization places Prudential's deficiency claim in a separate class from the other unsecured claims. Class Five consists solely of Prudential's deficiency claim, and Class Six consists of all unsecured claims, totalling approximately $550,000, other than Prudential's deficiency. Both classes are deemed impaired. Under the plan, holders of claims in Class Six would receive 65 percent of the amounts of their claims on the effective date of the plan; and the Debtor's general partners would pay the remaining 35 percent of these claims in exchange for a release of any claims they may have against the partners. Prudential's deficiency claim, on the other hand, would be paid in full, but only over nine years. The plan proposes to pay Prudential $7,000 per month, subject to available cash flow, for

nine years, and then to pay the balance of the claim on the ninth anniversary of the effective date of the plan. The plan also provides that, in exchange for capital contributions totalling $400,000, those holding general or limited partnership interests in the Debtor would retain such interests. Class Six has voted to accept the plan; Prudential has voted not to accept it.

■ Prudential first argues that the plan cannot be confirmed because it separates Prudential's deficiency claim from the class containing the other unsecured creditors, and, in so doing, violates 11 U.S.C. § 1129(a)(1) (requiring that the plan comply with all applicable provisions of the Bankruptcy Code)—Prudential claims that the separate classification of its claim violates § 1122 of the Bankruptcy Code—and § 1129(a)(3) (requiring that the plan be proposed in good faith). The Court agrees, adopting the reasoning set forth in *In re Cantonwood Associates Ltd. Partnership*, 138 B.R. 648, 653–657 (Bankr.D.Mass.1992), and *In re L.G. Salem Ltd. Partnership*, 140 B.R. 932 (Bankr.D.Mass.1992), and respectfully disagreeing with Judge Queenan's reasoning on the same issue in *In re Bjolmes Realty Trust*, 134 B.R. 1000 (Bankr.D.Mass.1991).

■ Prudential also argues that the plan discriminates unfairly against Prudential's deficiency claim and therefore violates 11 U.S.C. § 1129(b)(1) (prohibiting confirmation of a plan that discriminates unfairly with respect to a class of claims that is impaired and has voted not to accept the plan) by providing far less desirable treatment for Prudential's deficiency claim than for the Class Six unsecured claims. The Court agrees that the plan discriminates unfairly on its face. The Class Six claimants would receive the full amounts of their claims on the effective date of the plan out of funds on hand at confirmation; their payments are virtually immediate and risk free. The same cannot be said for

---

**1.** The Debtor uses this figure, but Prudential contends that its claim is in the amount of $12.5 million. The claim has not been adjudicated.

**2.** Prudential contends that the value of its interest in the property is $9,060,000, but for purposes of this memorandum, the difference in the parties' positions is inconsequential.

Prudential. Even if payment of Prudential's claim were certain, the bulk of the claim would not be paid for nine years. Therefore, the present value of the stream of payments promised to Prudential on account of its deficiency claim is in the range of fifty percent of the amount of the claim. Moreover, payment in full in nine years is far from certain. The Debtor contemplates funding the balloon payment on Prudential's deficiency claim by selling the property and applying the appreciation in its value between now and then to the deficiency claim. To the extent that the property fails to appreciate sufficiently, Prudential will go unpaid. Therefore, unlike the Class Six claimants, Prudential will not get full present value, and its claim will be subject to much higher risk of nonpayment. Since Prudential's deficiency claim would be entitled to the same treatment under Chapter 7 as the Class Six unsecured creditors, they are entitled to equal favor in a Chapter 11 plan. The Debtor's plan does not provide this and therefore discriminates unfairly against Prudential's Class Five claim.

For these reasons, the Debtor's Second Amended Plan of Reorganization cannot be confirmed, and Prudential's objection must be sustained. A separate order will enter accordingly.